**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Alfonso Ochoa, | No. CV-17-03340-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 52 at 12). The R&R also recommends that a Certificate of Appealability be denied. (*Id.*).

## I.    Review of an R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and

recommendation] to which objection is made"). In this case, Petitioner filed objections in his Response to Report and Recommendation ("Response") (Doc. 55), and the Court will review those objections de novo.

## II.  Factual and Procedural Background

The R&R summarized the factual and procedural history in this case. (Doc. 52 at 2–7). Petitioner states that the R&R's "summary is generally accurate," but disputes the R&R's characterization of the issues presented in Petitioner's direct appeal and raised in subsequent proceedings. (Doc. 55 at 1–2). Petitioner also objects to the R&R's characterization that the Arizona Supreme Court "summarily denied his petition," "instead of a refusal to accept review[.]" (*Compare* Doc. 52 at 4 *with* Doc. 55 at 2). To the extent these objections bear on Petitioner's statutory and equitable tolling claims, the Court will consider them below. However, objections that are not relevant to the statute of limitations analysis are not addressed because the Court does not reach the merits of these objections.[1] Accordingly, the Court adopts the R&R's history in this case and will address the Petitioner's objections in the context of his arguments.[2]

## III.  R&R

On October 11, 2018, the Magistrate Judge issued an R&R recommending that the Petition be denied as untimely under the AEDPA's statute of limitations. (Doc. 52 at 13). As explained by the Magistrate Judge, the AEDPA, 28 U.S.C. § 2244(d)(1), provides a one-year statute of limitations for a state prisoner to file a petition for writ of habeas corpus in federal court, which generally begins to run on "the date on which the judgment became final by [the] conclusion of direct review or the expiration of the time for seeking such review." (Doc. 52 at 8 (quoting 28 U.S.C. § 2244(d)(1)(A))).

---

[1] Specifically, Petitioner raises arguments regarding his appointed counsel's conclusion that there were no colorable claims for relief, the victim's credibility, and evidence and related evidentiary rulings presented at trial. (Doc. 55 at 2, 3–8, 13–15). None of these complaints address the basis for the Magistrate Judge's recommendation that the pending Petition is untimely.

[2] The Magistrate Judge made factual findings concerning the order and timing of Petitioner's various post-conviction appeals. This Court describes the procedural history in accord with the Magistrate Judge's findings of fact.

Here, Petitioner's convictions became final on March 23, 2016 when the Arizona Court of Appeals dismissed Petitioner's post-conviction relief ("PCR") petition. (*Id.* at 10). Petitioner did not file a motion for reconsideration, nor did he seek review by the Arizona Supreme Court. (*Id.*). The one-year statute of limitations period therefore commenced the next day, March 24, 2016, and expired the following year on March 23, 2017, absent any statutory or equitable tolling. (*Id.* at 10). Petitioner did not file the pending Petition until September 22, 2017, approximately six months after the limitations period expired. (Doc. 52 at 10 (citing Doc. 1 at 14)).

**A.     Statutory Tolling**

Regarding statutory tolling, the Magistrate Judge explained that the "AEDPA requires tolling of the limitations period when a 'properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending.'" (*Id*. at 9 (quoting 28 U.S.C. § 2244(d)(2)). Here, Petitioner's limitations period was to commence running on May 8, 2014. (*Id.*). Petitioner, however, initiated his PCR proceeding in the superior court before the limitations began by filing a Notice of PCR on March 31, 2014. (*Id.* (citing Doc. 16-3 at 2–4)); *see Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1055–56 (9th Cir. 2004) (holding that PCR proceedings in Arizona commence with the filing of a Notice of PCR). The superior court dismissed Petitioner's PCR petition via minute entry dated October 8, 2015. (*Id.* at 5 (citing Doc. 18-4 at 2–6)). Petitioner later filed a notice of appeal in the superior court and a petition for review with the Arizona Court of Appeals. (*Id.* at 6 (citing Doc. 19-4 at 2; Doc. 20-4 at 2)). According to the Magistrate Judge, "[Petitioner's] PCR was 'finally resolved' when the Arizona Court of Appeals issued its order dismissing the petition for review on March 23, 2016," causing the statute of limitations period to begin running on March 24, 2016. (*Id.* at 10; *see also* Doc. 20-4 at 2).

The Magistrate Judge observed that during the period between the superior court's dismissal of Petitioner's PCR petition on October 8, 2015 and the Arizona Court of Appeals' order dismissing his petition for review on March 23, 2016, "[Petitioner] filed

additional pleadings in the superior court." (*Id.* at 6). Specifically, "[o]n December 23, 2015, Petitioner filed a motion to dismiss or vacate 'all trial proceedings,'" which "[t]he superior court summarily denied in January 2016." (*Id.* (citing Doc. 19-7 at 2–3; Doc. 19-8 at 2)). "On January 25, 2016, Petitioner filed a Writ of Coram Nobis in the trial court," which "[t]he superior court summarily denied and dismissed" on February 8, 2016. (*Id.* at 6–7 (citing Doc. 19-9 at 2–4; Doc. 20-1 at 2)). The Magistrate Judge reasoned that "[t]o the extent Petitioner might argue that his [additional motions] could be construed as prolonging his PCR action, the filing of these pleadings would not render his Petition timely" because both motions were resolved in state court prior to the Arizona Court of Appeals' dismissal of his petition for review on March 23, 2016. (*Id.* at 9–10). Accordingly, the Magistrate Judge concluded that Petitioner is not entitled to any statutory tolling and the pending Petition is untimely unless equitable tolling applies. (*Id.* at 10–11).

### B. Equitable Tolling

Regarding equitable tolling, the Magistrate Judge explained that "for equitable tolling to apply, a petitioner must show '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way' to prevent him from timely filing a federal habeas petition." (*Id.* at 11 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted))). The Magistrate Judge further explained that a petitioner must act with "reasonable diligence" throughout the period he seeks to toll, (*id.* (citing *Holland*, 560 U.S. at 653)), and that the petitioner "bears the burden of establishing that equitable tolling is appropriate." (*Id.* (citing *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (citation omitted))).

Here, the Magistrate Judge determined that Petitioner's claims regarding his "pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling." (*Id.* at 11–12 (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling[.]")))). Accordingly, the Magistrate Judge

concluded that "Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling [and] the record does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition." (*Id.* at 12).

Based on Petitioner's failure to file his Petition within the statute of limitations and the finding that Petitioner failed to state a sufficient basis for statutory or equitable tolling of the statute of limitations, the Magistrate Judge determined that she need not consider the merits of Petitioner's claims because the Petition must be dismissed with prejudice as untimely. (*Id.* at 12–13).

## IV. Petitioner's Objections

Petitioner does not object to the Magistrate Judge's application of the AEDPA's statute of limitations to his procedural history. (*See generally* Doc. 55). The Court accepts that recommendation.

Petitioner objects to the Magistrate Judge's determination that the AEDPA one-year statute of limitations expired on March 23, 2017 because Petitioner failed to establish that statutory or equitable tolling should apply. (*See* Doc. 55 at 4-7).

### A. Statutory Tolling

#### 1. Petitioner's Writ of Coram Nobis and Related Supplement

Petitioner argues that he is entitled statutory tolling of the AEDPA statute of limitations through his various filings. (Doc. 55 at 8). First, Petitioner states that "[t]he period of time that elapsed from June 21, 2016 until Oct[ober] 5, 2016 did not exhaust the one year [limitations] period." (*Id.*). To the extent this statement is intended to argue that the statute of limitations was tolled during that period, there is no support in the record for that proposition. (*See* Doc. 56 at 2). Petitioner appears to argue that his "supplement[] to petition for Writ of Coram Nobis," filed on October 5, 2016, should be treated as a successive PCR petition, which he further argues could toll the statute of limitations until he received notice as to the results of his petition "on or about" January 18, 2017. (Doc. 55 at 9; Doc. 21-2 at 2).

Petitioner originally filed a petition for writ of coram nobis on January 25, 2016, which the trial court dismissed on February 8, 2016. (Doc. 19-9 at 2–5; Doc. 20-1 at 2). Accordingly, Petitioner did not have a pending motion for writ of coram nobis to "supplement" when he made his October 5, 2016 filing that he now wants the Court to consider as a successive PCR petition for statutory tolling purposes. (*See* Doc. 20-1 at 2). Nearly one year after filing his original petition for writ of coram nobis, Petitioner filed a motion for "Judgment and Enlargement of Time" on February 6, 2017, in which he argued for the first time that his petition for writ of coram nobis should be treated as a successive PCR petition. (Doc. 21-3 at 2–5). In denying Petitioner's motion for judgment and enlargement of time in a minute entry dated February 28, 2017, the trial court never characterized Petitioner's petition for writ of coram nobis—or any of Petitioner's other motions in any other rulings—as a successive PCR petition. (Doc. 21-4 at 2; *see also* Doc. 56 at 3).[3] Petitioner has no reasonable basis to conclude that any PCR petition was still pending from the period of October 5, 2016 through January 18, 2017.

## 2. Petitioner's Motion for Clarification

Next, Petitioner points to a "Motion for Clarification" he filed on January 26, 2017 asking the trial court to "provide clarification as to why this Court has just notified [Petitioner] as to the results of [Petitioner's] Writ of Coram Nobis on or about or after January 18, 2017 and not when the order was initially entered." (Doc. 21-2 at 2). Petitioner argues this motion for clarification should be treated as a successive PCR petition. (Doc. 55 at 9). The motion, however, fails to state that Petitioner is seeking any form of state post-conviction relief, provided by Rule 32 of the Arizona Rules of Criminal Procedure ("Rule 32"). (Doc. 21-2 at 2). Petitioner fails to cite Rule 32 in the motion, nor does he cite any basis for permitting a successive PCR petition under Rule 32.2. (*Id.*). Here, Petitioner

---

[3] Moreover, it is highly unlikely that even a successive PCR petition would have tolled the statute of limitations. *See Wyatt v. Ryan*, No. CV-14-01981-TUC-JGZ (EJM), 2016 WL 7972105, at *8–9 (D. Ariz. Dec. 5, 2016), *report and recommendation adopted*, No. CV-14-01981-TUC-JGZ, 2017 WL 283283 (D. Ariz. Jan. 23, 2017) ("while a petitioner is entitled to statutory tolling during the entire time he is seeking one full round of collateral review in state court, successive post-conviction relief petitions do not toll the limitations period" (internal quotation marks and citations omitted)).

cites Rule 32.3 to support his contention that the motion for clarification could be treated as a successive PCR petition. (Doc. 55 at 10). Nothing in Rule 32.3, however, authorizes the filing of a motion for clarification, nor does the filing of such a motion cause statutory tolling. *See generally* Ariz. R. Crim. P. 32.3. Accordingly, Petitioner's motion for clarification cannot toll the statute of limitations.

### 3. Petitioner's Rule 32 Proceedings

Additionally, Petitioner argues that the trial court's "February 8, 2016 dismissal of his initial Writ for Coram Nobis was a violation of Rule 32 proceedings and was premature." (Doc. 55 at 9); *see also* Ariz. R. Crim. P. 32. Petitioner explains that "[t]here was a right to seek review of the trial court's dismissal, but the failure to serve [Petitioner] of the [] right to seek that review" violates Rule 32. (*Id.* (citing Ariz. R. Crim. P. 32.3)). Petitioner's arguments are unfounded because the trial court's February 8, 2016 ruling that he complains of occurred after the trial court dismissed his PCR petition on October 8, 2015. (Doc. 18-4 at 2–6). Petitioner acknowledged as much in his untimely petition for review before the Arizona Court of Appeals, filed March 17, 2017, in which he appeals "the Superior Court's denial of relief to Petitioner's PCR Petition, dated October 8, 2015." (Doc. 57-1 at 2). Petitioner had every opportunity to appeal the trial court's dismissal of his PCR petition, but failed to do so in a timely manner. (*See, e.g.*, Doc. 57-2 at 2 (Petitioner filed a first notice of appeal of the denial of his PCR petition); Doc. 57-4 (Petitioner filed a second notice of appeal of the denial of his PCR petition); Doc 57-7 (the Arizona Court of Appeals dismissed Petitioner's second pending appeal because he failed to file a compliant petition after receiving "three extensions of time" in which to file a compliant petition)). Accordingly, the trial court's February 8, 2016 ruling did not impact Petitioner's Rule 32 proceedings and his ability to appeal the denial of his PCR petition.

### 4. Mandate Issue

Petitioner next argues that the Arizona Court of Appeals should have issued a mandate after it dismissed Petitioner's PCR petition on March 23, 2016. (Doc. 55 at 10–11). Petitioner implicitly argues that he did not file his pending Petition in a timely manner

because he was waiting for the issuance of such a mandate. (*Id.*). Despite Petitioner's claims to the contrary, the law is settled that a mandate is not required after the court of appeals does not accept and dismisses an untimely petitioner for review. (*Compare* Doc. 55 at 11 *with* Doc. 56 at 5).

The AEDPA states that "[t]he time during which a properly filed application for State post-conviction . . . review . . . is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2). In Arizona, review is pending until the mandate has issued when the court of appeals grants review of a petition, but ultimately denies the petition. *Celaya v. Stewart*, 691 F. Supp. 2d 1046, 1055, 1074–75 (D. Ariz. 2010) ("Here, the court of appeals *granted review and denied the petition* . . . under the Arizona rules, there is no requirement for a mandate to issue from a denial of review. Under such circumstances, review is final when denied." (emphasis in original)). Conversely, "if the court of appeals denies review of a PCR proceeding, and no review is sought from the Arizona Supreme Court, then there is no formal opinion, thus no mandate, and only a certified copy of the order denying review need be issued." *Menendez v. Ryan*, No. CV-14-2436-PHX-DGC (JFM), 2015 WL 8923410, at *7 (D. Ariz. Oct. 20, 2015), *report and recommendation adopted*, No. CV-14-02436-PHX-DGC, 2015 WL 8758007 (D. Ariz. Dec. 15, 2015).

Here, because the Arizona Court of Appeals denied review of Petitioner's PCR petition, the lack of mandate did not render the decision not final. (*See* Doc. 30-2 at 2). The statutory clock thus began to run on March 24, 2016, the day following denial of review. (*Id.* (the Arizona Court of Appeals properly issued a certified copy of its dismissal order on May 20, 2016)).[4] Accordingly, Petitioner fails to establish that he is entitled to statutory tolling.

## B.    Equitable Tolling

Petitioner argues that he is entitled to equitable tolling because he "presumed the time period stop[ped] to run for the successive post-conviction proceeding, and continued

---

[4] Any additional pleadings Petitioner filed in the trial court were extraneous and did not alter the finality of the Arizona Court of Appeals' dismissal. (*See* Doc. 56 at 2).

once the successive proceedings ended." (Doc. 55 at 12). This claim, however, fails to meet the requirement "that some extraordinary circumstance stood in his way and prevented timely filing" of the Petition. *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted). Based on the Court's above reasoning, Petitioner's motion for writ of coram nobis and related filings failed to qualify as a successive PCR petition. *See supra* Part IV(A). Accordingly, Petitioner's presumption is unfounded and does not excuse his late filing.

Here, Petitioner attempts to excuse his mistaken presumption based on his status as an incarcerated, pro se litigant. (Doc. 55 at 13 (Petitioner "had to work through all the obst[a]cles that would have defeated many attorneys" as a "pro-per inmate")). The law is settled, however, that "[a] petitioner's pro se status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling." *Ballesteros v. Schriro*, No. CIV 06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (citing *Fisher v. Johnson*, 174 F.3d 710, 714–16 (5th Cir. 1999)). Specifically, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714; *see also Rasberry*, 448 F.3d at 1154 ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). The "failure to file a timely petition [as] the result of oversight, miscalculation or negligence on [Petitioner's] part . . . would preclude the application of equitable tolling." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Accordingly, Petitioner is without excuse for miscalculating the deadline by which he had to file the pending Petition.

Finally, Petitioner claims that he is entitled to an "equitable remedy" because he did not receive the trial court's "premature and improper dismissal of the first filed petition for Writ of Coram Nobis." (Doc. 55 at 15–16). Even so, the record is clear that Petitioner filed several notices of appeal from the trial court's dismissal of his PCR petition, which is the only notice relevant to the statute of limitations analysis and indicates that Petitioner in fact

received notice of that dismissal. *See supra* Part III(A); *see also* Doc. 18-4 (dismissal of Petitioner's PCR petition by the superior court); Doc. 19-4 at 2 (notice of appeal in the superior court); Doc. 20-4 (dismissal of petition for review by the Arizona Court of Appeals). The Court finds that Petitioner cannot show that any extraordinary circumstance stood in his way and prevented the timely filing of his Petition. *See Holland*, 560 U.S. at 649.[5] Accordingly, Petitioner fails to establish that he is entitled to equitable tolling.

## V.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 52) is accepted and adopted; the objections (Doc. 55) are overruled. The Petition is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a Certificate of Appealability, because dismissal of the Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of March, 2019.

James A. Teilborg
Senior United States District Judge

---

[5] Because Petitioner has not met his burden of establishing an extraordinary circumstance, it is not necessary to address the diligence element of his equitable tolling claim. *Rasberry*, 448 F.3d at 1153 ("We need not address the diligence element because we conclude that no extraordinary circumstance stood in [Petitioner's] way").