**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Alfonso Ochoa,<br><br>          Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>          Respondents. | No. CV-17-03340-PHX-JAT<br><br>**ORDER** |

       Pending before the Court is Petitioner's third motion for relief under Federal Rule of Civil Procedure 60 ("Rule 60"). (Doc. 70). Alternatively, Petitioner seeks leave to file a second or successive petition under 28 U.S.C. § 2254. (*Id.*). The Court will consider the request for Rule 60 relief.

       Petitioner's current filing is 129 pages. The middle of the filing appears to largely be copies of filings from Petitioner's state court case.

       Rule 60 has multiple subparts. Each subpart has its own legal standard for granting relief. In his 129 pages, the Court can find no reference to which section of Rule 60 Petitioner is moving under, or how he qualifies for relief under any part of Rule 60. Instead, Petitioner advances an ineffective assistance of counsel argument. (Doc. 70 at 3-17).

       Petitioner's Petition in this case was denied because it was barred by the Anti-Terrorism and Effective Death Penalty Act's statute of limitations. (Doc. 58). The Court can find no reference to this fact in Petitioner's currently pending motion. Thus, the Court is unclear under what theory Petitioner now seeks to bring a claim of ineffective assistance

of counsel.

For example, Rule 60(b)(1), "applies to 'mistake, inadvertence, surprise, or excusable neglect,' [and] permits a court to correct its own inadvertence, mistakes of fact, *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999), or mistakes of law, *Liberty Mut. Ins. Co. v. E.E.O.C.,* 691 F.2d 438, 440–41 (9th Cir. 1982)." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009), *aff'd sub nom. San Luis & Delta-Mendota Water Auth. v. United States*, 672 F.3d 676 (9th Cir. 2012). Because Petitioner does not argue for reconsideration of this Court's prior order, the Court assumes Petitioner is not arguing mistake under Rule 60(b)(1).

By way of further example, Rule 60(b)(2) allows the Court to grant relief from a final judgment when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." However, "[e]vidence in the possession of the party before the judgment was rendered is not newly discovered." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (internal quotations and citation omitted). In this case, it would appear Petitioner had all the information on which he now relies regarding his counsel's performance prior to this Court's decision in March 2019.

Moreover, for Petitioner to be entitled to relief under Rule 60(b)(1), (2) or (3), he must have brought his motion within one year of the final judgment, which he did not. Fed. R. Civ. P. 60(c)(1). With respect to Rule 60(b)(4), (5) and (6), in addition to the fact that Petitioner made no argument as to how they would apply, the evidence and arguments Petitioner has presented do no overcome the fact that his Petition in this case was barred by the statute of limitations. Accordingly, for all of these reasons, relief under Rule 60 will be denied.

Petitioner argues that a certificate of appealability should not be required for him to appeal. (Doc. 70-2 at 24). A request to appeal without a certificate of appealability is more properly directed to the Court of Appeals. This Court is required to determine whether a

certificate of appealability should issue. *See Lynch v. Blodgett*, 999 F.2d 401, 402-03 (9th Cir. 1993). This Court finds that Petitioner has failed to raise an issue of constitutional magnitude and, accordingly, will deny a certificate of appealability.

As indicated above, Petitioner seeks the alternative relief of leave to file a second or successive petition. This Court does not have authority to grant leave to file a second or successive petition. Thus, this Court will refer this request to the Court of Appeals. *See* Ninth Circuit Rule 22-3(a)(3).

Accordingly,

**IT IS ORDERED** that to the extent Doc. 70 seeks relief under Rule 60, it is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that to the extent Doc. 70 seeks leave to file a second or successive petition, it is referred to the Ninth Circuit Court of Appeals, and the Clerk of the Court shall notify the Court of Appeals accordingly.

Dated this 15th day of March, 2021.

James A. Teilborg
Senior United States District Judge